UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDMUND WILLIAM TUTTLE, SR., | ) | CASE NO. 1:23-cv-02269 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation. (R. 12). Plaintiff Edmund Tuttle, Sr.'s Complaint, (R. 1), challenges the final decision of the Commissioner of Social Security denying his application for disability insurance benefits (DIB) and supplemental security income (SSI). Pursuant to Local Rule 72.2, the case was referred to the Magistrate Judge. The Magistrate Judge issued his Report and Recommendation (R&R) recommending that the Court affirm the Commissioner's decision. (R. 12). Plaintiff timely filed objections. (R. 14). The Commissioner filed a response. (R. 15).

For the reasons stated below, the R&R, (R. 12), is accepted in part and rejected in part, with the matter remanded for further consideration.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a de novo review of those portions of the Report to which a proper objection has been made.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). If specific objections have been made, then the primary issue becomes "whether [the Commissioner's decision] is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).

The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the Administrative Law Judge (ALJ). *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision, even if it would have decided the matter differently. *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. "An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v.*

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff has a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## II. Analysis

### A. Background

The Court adopts and incorporates the recitation of the factual and treatment history from the R&R. (R. 12). As is relevant here, the ALJ found that, among other impairments, Plaintiff had severe impairments of degenerative disc disease of the cervical and lumbar spine and right shoulder tendinosis. (R. 7, PageID# 54, Tr. 25). She determined that Plaintiff had the residual functional capacity (RFC) to perform light work except that he

> can lift and carry up to ten pounds frequently and twenty pounds occasionally; can occasionally push/pull in the dominant right upper extremity; never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally stoop and crawl; frequently kneel and crouch; can occasionally reach overhead with dominant right upper extremity – no limits on the left; no operating dangerous moving equipment such as power saws and jack hammers; no commercial driving and no work in unprotected heights; can interact with others for work related tasks such as asking questions, clarifying instructions, gathering information, serving and pointing or directing where items may be placed, but no directing the work of others; can engage in work tasks that are routine in nature and do not require hourly piece rate type of work.

(*Id.* at PageID# 56, Tr. 27). In making this determination, the ALJ considered the medical-opinion

3

evidence in the record, Plaintiff's subjective statements, and some of the objective medical evidence in the record. (*See id.* at PageID# 56–68, Tr. 27–39).

As part of her discussion of the medical-opinion evidence, the ALJ evaluated the persuasiveness of the medical opinion of Jonathan Belding, M.D. (*See id.* at PageID# 66, Tr. 37). In September 2021, Dr. Belding opined that Plaintiff could reach in front of his body and overhead for twenty percent of an eight-hour workday bilaterally. (*Id.* at PageID# 793-94, Tr. 764-65). Dr. Belding referenced the two appointments he had with Plaintiff on March 31, and May 26, 2021, and the results of Plaintiff's May 2021, spinal and shoulder MRIs. (*See id.* at PageID# 791-800, Tr. 762-71).

At the March 2021 appointment, on examination, Plaintiff's neck was supple with "[n]o cervical midline bony deformities[] or step-offs" but was "[e]xquisitely tender across entire span of posterior neck." (*Id.* at PageID# 345, Tr. 316). In his back, he had "[n]o midline bony deformities[] or step-offs of the thoracic, lumbar, and sacral spine," but his back was "[e]xquisitely tender across entire span of posterior back[,] including non-midline muscular tenderness." *Id.* He had "[n]o peripheral edema" but had a two-centimeter "firm lump o[n] right trapezius that [wa]s exquisitely tender to palpation." *Id.* He had "significant weakness in right arm/hand and left leg hip flexion and knee extension," but he had normal gait. (*Id.* at PageID# 345–46, Tr. 316–17). The May 2021 physical examination findings were unchanged. (*See id.* at PageID# 342, Tr. 313). The May 2021 MRIs "showed tendonitis in the right shoulder, stenosis in the neck to the left worse at" C5-C6, "and disc degeneration at" L4-L5. *Id.*

In May 2022, Plaintiff had another appointment with Dr. Belding. (*Id.* at PageID# 713–16, Tr. 684–87). On examination, Plaintiff's neck was supple with "[n]o cervical midline bony tenderness, deformities, or step-offs." (*Id.* at PageID# 715, Tr. 686). His back similarly had "[n]o

4

midline bony tenderness, deformities, or step-offs of the thoracic, lumbar, and sacral spine." *Id.* He had normal gait and five out of five strength in his "bilateral upper and lower extremities." *Id.*

The ALJ determined that Dr. Belding's opinion was "not persuasive." (*Id.* at PageID# 66, Tr. 37). She reasoned that Dr. Belding's opinion was "inconsistent with the record and not supported by evidence in the record." *Id.* She noted that Dr. Belding saw Plaintiff after his back surgery in 2022 and observed that he "was in no distress." *Id.* (citing *id.* at PageID# 714, Tr. 685). She noted that on examination in May 2022, Dr. Belding found that Plaintiff "had no midline bony tenderness, deformities, or step-offs in his thoracic, lumbar[,] and sacral spine"; "five out of five" strength "in both his upper and lower extremities bilaterally"; and "normal gait." *Id.* (citing *id.* at PageID# 715, Tr. 686). Finally, she noted that "other evidence in the record[] showed that [Plaintiff] had a Well Adult Exam" in September 2022, at which "he was in no acute distress" and "appeared well developed." *Id.* (citing *id.* at PageID# 699, Tr. 670).

As is relevant here, Plaintiff's Brief on the Merits set forth an assignment of error that the ALJ's RFC determination that Plaintiff could perform light work and was not limited to occasional reaching "in all directions" was not supported by substantial evidence. (R. 8, PageID# 812–18). Specifically, Plaintiff argued that the ALJ did not adequately evaluate Dr. Belding's medical opinion. *Id.* He contended that if properly evaluated, Dr. Belding's opinion would yield an RFC limitation to occasional reaching "in all directions," (*id.* at PageID# 817), which the vocational expert (VE) explained would "rule out" the sample jobs as well as "most jobs at the light and sedentary physical demand levels." (R. 7, PageID# 96–97, Tr. 67–68; *see also* R. 8, PageID# 817).

The Magistrate Judge recommended affirming the ALJ's decision. (R. 12, PageID# 849). As relevant here, he determined that the ALJ properly evaluated Dr. Belding's medical opinion. (*Id.* at PageID# 870). He reasoned that the "ALJ sufficiently articulated the consideration she gave to Dr.

5

Belding's medical opinion and addressed both the supportability and consistency of his opinion with the evidence of record." *Id.* He explained that the ALJ primarily "focused on the largely normal or mildly abnormal physical examinations that she determined did not support Dr. Belding's opined limitations" and "a normal physical examination at a wellness visit with [Plaintiff's] primary care doctor in September 2022." *Id.* He concluded that "[i]n light of the evidence of record, the ALJ's evaluation of Dr. Belding's medical opinion is supported by substantial evidence." *Id.*

**B. Objections**

Plaintiff objects to the Magistrate Judge's determination that "substantial evidence supported the ALJ's RFC." (R. 14, PageID# 880). He argues that the Magistrate Judge incorrectly concluded that the ALJ's evaluation of the persuasiveness of Dr. Belding's medical opinion was supported by substantial evidence. (*Id.* at PageID# 881). Specifically, he argues that "[t]he R&R ignored the fact that the ALJ relied on examinations after Plaintiff had his surgery, not for the entire relevant period of time," thereby ignoring the explanations and evidence on which Dr. Belding relied. *Id.* This objection is persuasive.

Applications for benefits filed after March 27, 2017, are evaluated under 20 C.F.R. §§ 404.1520c and 416.920c. These regulations specify how ALJs "consider medical opinions" in disability determinations and how they articulate certain findings in their written decisions. 20 C.F.R. §§ 404.1520c, 416.920c. "A medical opinion is a statement from a medical source about what [a claimant] can still do despite" his medically determinable impairments (MDIs) and whether the claimant has "impairment-related limitations or restrictions" in his abilities to meet the physical, mental, environmental, and other demands of work. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). When considering medical opinions, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)" in the record. *Id.* §§ 404.1520c(a),

6

416.920c(a). Instead, ALJs "will consider those medical opinions … using the factors listed in paragraphs (c)(1) through (c)(5) …, as appropriate." *Id.* In this consideration, ALJs "will articulate … how persuasive [they] find all of the medical opinions … in [the] case record." *Id.* §§ 404.1520c(b), 416.920c(b). These "articulation requirements" instruct ALJs to "articulate how [they] considered the medical opinions from [each] medical source" on a source-by-source basis. *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). ALJs "are not required to articulate how [they] considered each medical opinion ... from one medical source individually." *Id.* Rather, they should "articulate how [they] considered the medical opinions ... from [each] medical source together in a single analysis using the factors listed in [subparagraphs] (c)(1) through (c)(5) ..., as appropriate." *Id.* The factors ALJs consider when determining the persuasiveness of medical opinions are: (1) supportability, (2) consistency, (3) the source's relationship with the claimant, (4) specialization, and (5) "other factors that tend to support or contradict a medical opinion." *Id.* §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

The most important factors that ALJs must consider when determining the persuasiveness of medical opinions are the supportability and consistency factors. As such, ALJs "will explain how [they] considered" these factors for each source's medical opinions. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are distinct concepts under the regulations. *Id.* §§ 404.1520c(b)(2)–(c)(2), 416.920c(b)(2)–(c)(2). The supportability factor requires ALJs to consider "the objective medical evidence and supporting explanations presented by a medical source … to support" his medical opinion. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1).

The "more relevant" the evidence and explanations a medical source presents to support his medical opinion are, "the more persuasive" that opinion will be. *Id.* The consistency factor requires ALJs to compare the source's medical opinion to "evidence from other medical and nonmedical sources" in the record. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). The "more consistent" an opinion "is

7

with the evidence from other medical and nonmedical sources" in the record, "the more persuasive" that opinion will be. *Id.* An "ALJ's failure … to meet these minimum levels of articulation frustrates [a] court's ability to determine whether [the claimant's] disability determination was supported by substantial evidence." *Martin v. Comm'r of the Soc. Sec. Admin.*, No. 1:22cv857, 2023 WL 2811015, at *13 (N.D. Ohio Apr. 6, 2023) (first and third alterations in original) (quoting *Vaughn v. Comm'r of Soc. Sec.*, No. 20cv1119, 2021 WL 3056108, at *11 (W.D. Tenn. July 20, 2021)). As always, the ALJ's decision must build an accurate and logical bridge between the evidence cited and her conclusion regarding a medical opinion's persuasiveness. *See Amber S. v. Comm'r of Soc. Sec. Admin.*, No. 2:22cv2240, 2023 WL 6276059, at *4 (S.D. Ohio Sept. 26, 2023).

Here, the ALJ's analysis of Dr. Belding's medical opinion does not meet the standard of review. "The ALJ did not consider supportability as required … because [s]he did not explain h[er] consideration of" the explanations and evidence Dr. Belding presented to support his opinion. *Amber L. v. Comm'r of Soc. Sec. Admin.*, No. 3:21cv202, 2022 WL 2948952, at *6 (S.D. Ohio July 26, 2022), *report & recommendation adopted*, 2022 WL 3226351 (S.D. Ohio Aug. 10, 2022). Dr. Belding's opinion specifically referenced his March 31, 2021, and May 21, 2021, appointments with Plaintiff and the two May 2021 MRIs, which he attached to his opinion. (R. 7, PageID# 791, Tr. 762). The ALJ, however, did not sufficiently articulate the consideration of this evidence in the ALJ's analysis of Dr. Belding's medical opinion. (*See id.* at PageID# 66, Tr. 37).

The ALJ acknowledged that Dr. Belding "noted he had [these] two treatment dates with" Plaintiff, *id.*, and in the summary of the medical record, the ALJ described previous MRI results, (*id.* at PageID# 61–62, Tr. 32–33). However, nowhere in her opinion did the ALJ note the physical examination findings from the March and May 2021 appointments or the May 2021 MRIs; nor did the ALJ explain how those records, findings, and results failed to support the doctor's opinion. (*See*

8

*id.* at PageID# 51–71, Tr. 22–42). The ALJ's persuasiveness analysis focused solely on examination findings from an appointment Dr. Belding had with Plaintiff in May 2022, as well as an appointment Plaintiff had with his primary care provider in September 2022. *Id.* These appointments occurred well after Dr. Belding rendered his opinion in September 2021, and the doctor presented neither of them as evidence or explanation supporting his opinion. (*See id.* at PageID# 791–94, Tr. 762–65). Moreover, the September 2022 physical examination did not include an examination of Plaintiff's musculoskeletal system. (*See id.* at PageID# 699, Tr. 670). The ALJ's opinion, in this regard, focused on a slice of the medical records even though the relevant period began in January 2017, and later physical examinations and imaging yielded abnormal findings, (*id.* at PageID# 746–48, 782 Tr. 717–19, 753).

Although the ALJ concluded that Dr. Belding's opinion was "not supported," (*id.* at PageID# 66, Tr. 37), the decision's analysis is lacking as the ALJ did not adequately acknowledge the explanations and evidence Dr. Belding presented to support his opinion and did not sufficiently articulate the reasoning for discounting them. *Amber L.*, 2022 WL 2948952, at *6. Because the ALJ failed to meet the regulations' required "minimum levels of articulation," the Court finds that the ALJ's conclusion regarding the supportability and persuasiveness of Dr. Belding's opinion is not supported by substantial evidence. *See Martin*, 2023 WL 2811015, at *13.

The ALJ's analysis of the doctor's opinion is further flawed because it appears she relied solely "on examinations after Plaintiff had his surgery" rather than "for the entire relevant period of time," (R. 14, PageID# 881), which fails to build an accurate and logical bridge between the evidence cited and the conclusion that Dr. Belding's medical opinion was not persuasive. (R. 7, PageID# 66, Tr. 37). It is not sufficient for an ALJ to rely on evidence that supports their conclusion while ignoring relevant evidence that points to a different finding. *Smith v. Comm'r of Soc. Sec.*, No.

9

1:11cv2313, 2013 WL 943874, at *6 (N.D. Ohio Mar. 11, 2013) (quoting *Goble v. Astrue*, 385 F. App'x 588, 593 (7th Cir. 2010)); *see also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 724 (6th Cir. 2014).

Here, the ALJ based the analysis on the mild or benign findings from only two of the many physical examinations in the record. (*See* R. 7, PageID# 66, Tr. 37). The ALJ omitted the irregular physical examination findings that Dr. Belding based his opinion on, and the underlying decision did not recognize or reconcile the conflict between the abnormal pieces of objective medical evidence and the physical examination findings cited when considering Dr. Belding's medical opinion. (*See id.* at PageID# 56–68, Tr. 27–39). By not explaining the consideration of the conflicting evidence, the Court cannot determine that the conclusion regarding Dr. Belding's medical opinion's persuasiveness is supported by substantial evidence. *See id.* at *4–5.

On this record, the Court cannot determine that the errors are harmless. If the opined limitation to reaching both in front and overhead for twenty percent of an eight-hour workday were credited, (R. 7, PageID# 793, Tr. 764), that would impact the representative available jobs and the underlying disability determination. During the administrative hearing, the VE testified that if a person with Plaintiff's vocational profile and RFC were limited to occasional reaching in all directions on the right alone, that would "rule out" the sample jobs as well as "most jobs at the light and sedentary physical demand levels," (*see id.* at PageID# 96–97, Tr. 67–68). In fact, the VE was "unable to provide any representative sample[]" jobs for a person with Plaintiff's RFC who could reach in all directions only occasionally on the right side. (*Id.* at PageID# 97, Tr. 68).

Although the Court finds error in the ALJ's decision, it expresses no opinion regarding the actual merits of Plaintiff's disability claim(s), the ultimate supportability and persuasiveness of the provider's opinion at issue here, or the Commissioner's determination upon remand. Rather, upon

remand the Commissioner shall have an opportunity to further consider and explain the evaluation of Dr. Belding's opinion under the pertinent regulations.

### III. Conclusion

The Court has carefully reviewed the R&R according to the above-referenced standard as well as the ALJ's decision and Plaintiff's objection. The Court disagrees with the Magistrate Judge's resolution of the issues raised. Therefore, the Magistrate Judge's R&R, (R. 12), is REJECTED In Part with respect to the evaluation of Dr. Belding's medical opinion but ADOPTED In Part in all other respects. The Commissioner's decision is hereby REMANDED for further proceedings consistent with this Order.

IT IS SO ORDERED.

Date: September 30, 2025      s/ *David A. Ruiz*
                                                             David A. Ruiz
                                                              United States District Judge